**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00396-CV

———————————————

**WONISHA TATUM, Appellant**

**V.**

**DESTINY SALLIE, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-52992**

---

## MEMORANDUM OPINION

On May 28, 2025, appellant filed a notice of appeal challenging both the trial court's February 21, 2025 dismissal of her protective-order application and its September 17, 2024 contempt order. On July 6, 2026, appellant filed an amended

notice of appeal attempting to convert this appeal into a restricted appeal. Because we conclude that we lack jurisdiction, we must dismiss.

**Contempt.** We have no jurisdiction over the direct appeal of contempt orders. *See Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.). We dismiss the portion of the appeal challenging the contempt order.

**Untimely Notice of Appeal.** A notice of appeal is due thirty days after the trial court signs the final judgment.[1] *See* TEX. R. APP. P. 26.1. Because the trial court signed the final judgment on February 21, 2025, appellant's notice of appeal was due on March 24. *See id.* Her May 28 notice of appeal was therefore untimely.

We notified appellant that her appeal was subject to dismissal unless she demonstrated this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant responded that the trial court clerk mailed the letter of assignment to the wrong address. But appellant's notice of appeal was due on March 24, before the trial court clerk even issued the letter of assignment on May 30.

**Restricted Appeal.** Finally, appellant's attempt to convert her untimely appeal into a restricted appeal is unavailing. A court of appeals may only exercise jurisdiction over a restricted appeal when the appellant "did not participate—either

---

[1] Appellant did not file a deadline-extending motion under Texas Rule of Appellate Procedure 26.1(a) or a motion to extend the notice-of-appeal deadline under Rule 26.3. *See* TEX. R. APP. P. 26.1(a) (extending the notice-of-appeal deadline to ninety days when certain post judgment motions are filed), 26.3 (permitting an extension of the notice-of-appeal deadline of 15 days).

in person or through counsel—in the hearing that resulted in the judgment complained of." TEX. R. APP. 30; *see also Castillo v. Mi-Jack Prods., Inc.*, No. 14-22-00233-CV, 2022 WL 2070690, at *1 n.1 (Tex. App.—Houston [14th Dist.] June 9, 2022, no pet.) (mem. op.).

Here, appellant initiated the protective-order proceeding on August 14, 2024 and participated throughout, as the record reflects. Though appellant herself did not appear at the hearing immediately preceding the trial court's dismissal, her then-trial counsel did. Counsel informed the trial court that (1) he had been unable to advance appellant's case, primarily because appellant had largely ceased communicating with him; (2) although appellant did not appear interested in continuing to pursue her claims, she had not agreed to a nonsuit; and (3) counsel was therefore seeking withdrawal as a housekeeping matter. These statements, along with other factors, appear to have contributed to the trial court's decision to dismiss the case. Appellant via her attorney therefore "took part in the decision-making event that resulted in the challenged judgment." *Sibley v. City of Freeport*, No. 01-20-00602-CV, 2022 WL 3720137, at *4–6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, pet. denied) (mem. op.); *see also Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App. 2001) (a restricted appeal "is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed").

We conclude that we lack jurisdiction over appellant's challenges to the trial court's orders. We dismiss the appeal. *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Morgan.